United States District Court
Southern District of Texas
**ENTERED**
August 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS VUITTON MALLETIER S.A.S., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-352 |
| | § § | |
| SANDRA LING DESIGNS, INC., *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Sandra Ling Designs, Inc.'s and Sandra Ling's (the "Defendants") Motion for More Definite Statement (Doc. No. 24). Plaintiff Louis Vuitton Malletier, S.A.S. ("Plaintiff") responded (Doc. No. 26), and the Defendants filed a reply (Doc. No. 27). After careful consideration, the Court **DENIES** Defendants' motion.

### I. Background

According to the Complaint, Plaintiff, a world-famous luxury goods company engaged in the design, manufacture, distribution, and sale of high-quality merchandise, owns numerous federally registered trademarks. (Doc. No. 1 at 3–4). Allegedly, Plaintiff's rights in these trademarks have become incontestable pursuant to 15 U.S.C. § 1065, a status that provides evidence of the validity of the marks and of Plaintiff's exclusive rights to use the marks in connection with the identified goods. 15 U.S.C. § 115(b). The Complaint includes examples of fifteen of Plaintiff's trademarks, as well as examples of Plaintiff's current use of these trademarks on handbags, apparel, accessories, and small leather goods. (Doc. No. 1 at 4–14).

Plaintiff alleges that Defendants are manufacturers and wholesalers of handbags, accessories, and apparel products, who are offering for sale, distributing, supplying, and promoting these products bearing the Plaintiff's trademarks without Plaintiff's authorization or license.

Apparently, Defendants' products include items manufactured from material "obtained from purportedly authentic pre-owned, disassembled and deconstructed [Plaintiff] items, which continue to bear the [Plaintiff's] Trademarks" as well as "purportedly authentic pre-owned [Plaintiff] items that have been fundamentally altered . . . which continue to bear the [Plaintiff's] Trademarks." (Doc. No. 1 at 16). The Complaint includes images of the allegedly infringing products and alleges that consumers are likely to mistakenly believe they are Plaintiff's products or are otherwise authorized or approved by Plaintiff, creating confusion.

Allegedly, on March 27, 2019, Plaintiff's investigators observed more than 750 of Defendants' allegedly infringing products on retail displays located at suite 7315 in the Dallas World Trade Center, 2050 North Stemmons Freeway, Dallas, Texas 75207. According to the Complaint, Plaintiff's counsel sent a cease-and-desist letter to Defendants that warned of Defendants' infringement of Plaintiff's intellectual property rights, including the trademarks, by offering for sale and selling the products. Despite acknowledgment of the letter, Defendants allegedly continued to display for sale the products, causing Plaintiff to send another, similar letter on December 18, 2019. On January 14, 2020, Plaintiff sent another letter, which in turn prompted a response from Defendants that requested time to speak with an attorney. Plaintiff responded by requesting a response by February 14, 2020, but allegedly never received a substantive response. Plaintiff apparently observed that Defendants were still offering the allegedly infringing products in commerce on August 19, 2020 at booth 7242 at the Dallas Market Center, 2100 North Stemmons Freeway, Dallas, Texas 75207.

As a result, Plaintiff filed this lawsuit alleging trademark counterfeiting and trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin and unfair competition and dilution under the Lanham Act, 15 U.S.C § 1125(a), (c); trademark dilution under

state law; common law trademark infringement; unjust enrichment; and common law unfair competition. Prior to responding to the lawsuit, Defendants filed the instant Motion for More Definite Statement (Doc. No. 24) to which Plaintiff responded (Doc. No. 26) and Defendants replied (Doc. No. 27).

## II. Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) must be read in light of Rule 8 of the Federal Rules of Civil Procedure. *Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S. D. Tex. 2012). Rule 8 requires a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given that Rule 8 only requires a short and plain statement of claims, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.,* 771 F. Supp. 2d 680, 707 (S. D. Tex. 2011) (citing *Davenport v. Rodriguez,* 147 F. Supp. 2d 630, 639 (S. D. Tex. 2001).

A Rule 12(e) motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *accord Pension,* 771 F. Supp. 2d at 707. "Where matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted." *Ross v. Tex.*, 2011 WL 5978029, at *7 (S. D. Tex. Nov. 29, 2011); *see also Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 972 (N. D. Tex. 2006). Whether to grant a motion for a more definite statement is a matter within the

3

discretion of the trial court. *Turner v. Pavlicek*, 2011 WL 4458757, at *16 (S. D. Tex. Sept. 22, 2011)

### III. Analysis

Defendants argue that Plaintiff's lack of detail and use of a "one-size-fits-all" approach in the Complaint renders its claims so vague and ambiguous that Defendants cannot reasonably prepare a response. Regardless of any shortcomings the Complaint may possess, the Court finds it is not "unintelligible," or "so vague and ambiguous" that Defendants cannot "reasonably prepare a response." *Pension*, 771 F. Supp. 2d at 707; Fed. R. Civ. P. 12(e).

To establish a claim of trademark counterfeiting or infringement under the Lanham Act, a plaintiff must plead (1) that it possesses a legally protectable trademark and (2) that the defendants' use of the trademark creates a likelihood of confusion as to source, affiliation, or sponsorship. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010); *Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 859 (S.D. Tex. 2017). A trademark infringement action under Texas common law is analyzed in the same manner as a Lanham Act claim. *Viacom Int'l v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 184 (5th Cir. 2018). Plaintiff has pleaded both required elements for a counterfeiting or infringement claim under federal or state law and Defendants can reasonably prepare a response to its claims.

First, Plaintiff adequately pleaded that it possesses legally protectable trademarks. A certificate of registration is *prima facie* evidence of a trademark's validity and the registrants' exclusive right to use it in connection with the registered goods. 15 U.S.C. §§ 1057(b), 1115(a); *see also Amazing Spaces*, 608 F.3d at 237. Plaintiff alleged 15 registered trademarks and attached the certificates. (Doc. No. 1 at 4–14). It also alleged details about the marks and provided examples of their current use. Defendants admitted they did not begin using items with the allegedly

4

infringing trademarks until 2018, well after the 15 trademarks were registered. (Doc. No. 24 at 3). Accordingly, the Complaint alleges prior and protectable marks.

Second, the Complaint adequately pleaded facts to show that Defendants' use of the Plaintiff's trademarks is likely to cause confusion as to source, affiliation, or sponsorship. It explained that Defendants manufacture and sell products depicting the trademarks without Plaintiffs' consent or authorization, and it included images of some of the allegedly infringing products. (Doc. No. 1 at 15–17). It also alleged that Plaintiff's investigators identified 750 allegedly infringing products on display in Dallas. (*Id.* at 18). Finally, it pleaded that these allegedly infringing products are likely to cause consumers to mistakenly believe the products either are Plaintiff's products or are authorized by Plaintiff. (*Id.*). Not only are these allegations sufficient, but the likelihood of confusion is a question of fact inappropriate to resolve at the pleading stage. *Viacom*, 891 F.3d at 192. The Court was certainly "able to ascertain the facts and elements of each claim." *Priority Assist, Inc. v. Stockard & Associates, Inc.*, 2016 WL 4479529, at *5 (S.D. Tex. Aug. 24, 2016) (denying motion for more definite statement because the complaint was not so excessively vague and ambiguous to be unintelligible).

Turning to the trademark dilution claims, trademark dilution occurs when an activity diminishes a mark's ability "to clearly and unmistakably distinguish the source of a product." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 489 (5th Cir. 2004) (citing 15 U.S.C. § 1127; *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 812 (Tex. App.–Austin 2001, pet. denied.)). The elements of this claim are: (1) plaintiff's ownership of a famous and distinctive mark; (2) use by the defendant of the mark in a manner that dilutes those marks; (3) association between the two marks due to similarity; and (4) the association between the two marks is likely to impair the distinctiveness of the mark or harm the

reputation of the plaintiff's mark. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 536 (5th Cir. 2012). In contrast to federal law, state dilution law requires a plaintiff show a distinctive mark and use of the mark is likely to cause dilution. *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 278–79 (5th Cir. 2002). State law only requires that dilution be "likely," not actual. Tex. Bus. & Com. Code Ann. § 16.103. This dilution can occur by blurring, which refers to a lessening of the mark's ability to distinguish between brands, or by tarnishing, which refers to a diminishing of the good reputation of the mark. *See, e.g., E. & J. Gallo Winery v. Spider Webs Ltd.*, 129 F. Supp. 2d 1033, 1038 (S.D. Tex. 2001) *aff'd*, 286 F.3d 270 (5th Cir. 2002). Since there are not many cases interpreting state dilution claims, courts in the Fifth Circuit have looked to the general law of dilution in construing the state claims. *Gallo Winery*, 286 F.3d at 279.

The Complaint asserts 15 distinctive and famous marks. (Doc. No. 1 at 4–11). It also alleges that Defendants' use of these marks dilutes them. (*Id.* at 17–18, 20, 23). The Complaint contains photographic examples of the similarity between Plaintiff's products and the Defendants' allegedly infringing products and alleges that Defendants' use of the trademarks is likely to blur and tarnish the marks, thereby harming their reputation. (*Id.*). The Court finds that Plaintiff has fully apprised Defendants of the marks at issue and the basis for its claims of trademark dilution. Critically, any limiting information sought by Defendants in this instance could be clarified and developed during discovery "and therefore does not entitle them to the [Rule 12(e)] relief they seek." *Tempur-Pedic*, 902 F. Supp. 2d at 972; *Greubel*, 453 F. Supp. 2d at 972; *Ross*, 2011 WL 5978029, at *7.

Defendants have not cited this court to any support for their argument that Plaintiff was required to designate, for each count, the time the alleged trademark violation occurred. Moreover, Plaintiff provided the 15 marks it is attempting to protect, giving Defendants notice of which

trademarks they have allegedly infringed. Simply put, Plaintiff's Complaint gives adequate notice to the Defendants of the claims against them. The remainder of Defendants' contentions are premature or irrelevant to their motion for more definite statement because they assert legal arguments, including that Defendants' "upcycling" does not constitute infringement or counterfeiting. These arguments are not tailored to pleading deficiencies—the proper subject of a 12(e) motion.

## IV. Conclusion

For the foregoing, the Motion for More Definite Statement is **DENIED.** (Doc. No. 24).

Signed this 24th day of August 2021.

Andrew S. Hanen
United States District Judge