UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.S. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANDRA LING DESIGNS, INC. and ) <br> SANDRA LING ) <br> Defendants. ) <br> ) | Case No. 4:21-cv-00352 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The parties held their Rule 26(f) conference via teleconference on September 14, 2021. Outside counsel John Rawls and Thomas Williams participated on the Plaintiff's behalf. Outside counsel Karen Tripp participated on the Defendants' behalf.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Specify the allegation of federal jurisdiction.**

The court has subject matter jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a). The court has subject matter jurisdiction over the Defendants' counterclaims pursuant to 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1338, 2201, 2202, and 1367(a).

4. **Name the parties who disagree and the reasons.**

The parties agree that the court has jurisdiction over the claims and counterclaims.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

6. **List anticipated interventions.**

None.

7. **Describe class-action issues.**

None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Plaintiff served its initial disclosures on September 21, 2021. The Defendants will serve their initial disclosures by no later than September 28, 2021.

9. **Describe the proposed agreed discovery plan, including:**

    A.    **Responses to all the matters raised in Rule 26(f).**

As to the topics in Rule 26(f)(3):

*(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:*

As noted in Para. 8 above, the Plaintiff served its initial disclosures on September 21, 2021.

The Defendants will serve their initial disclosures by September 28, 2021.

***(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;***

Plaintiff's Position:

The Plaintiff intends to seek discovery on the following topics: what Plaintiff characterizes although Defendants deny as Defendants' use of the Louis Vuitton Trademarks (as Louis Vuitton has defined its "Trademarks" in the Complaint); Defendants' source(s) and supply of products and materials bearing the Louis Vuitton Trademarks; and Defendants' sales of the accused products, in units and dollar amounts. The Plaintiff reserves its right to seek discovery on additional topics as the case proceeds.

Defendants' Position:

The Defendants intend to seek discovery on the following topics: what Plaintiff did (or had done), including without limitation, its investigation(s), if any, related to its claims in this lawsuit before filing the lawsuit; Plaintiff's investigation(s), if any, that Plaintiff did (or had done) related to its claims in this lawsuit after filing the lawsuit; Plaintiff's activities directly and through others acting directly or indirectly on Plaintiff's behalf to discourage and/or stop third parties from doing business with either or both Defendants or from buying products sourced from either or both Defendants; other lawsuits that Plaintiff has brought against recyclers or upsellers of used products originally sourced as new from Plaintiff or any of its predecessors; licensing by Plaintiff of recyclers or upsellers of used and discarded products originally sourced as new from Plaintiff or any of its predecessors; Plaintiff's policies regarding destruction of its new, unsold products and Plaintiff's policies regarding or against recycling Plaintiff's products; Plaintiff's communications with any governments, including without limitation the French government, concerning Plaintiff's practices respecting

3

destruction of Plaintiff's goods; Plaintiff's markets for its products; Plaintiff's advertising of its products; Plaintiff's customers for its products; Plaintiff's products—types and kinds and dates of introduction of each into the United States; Documentation and other materials of any kind, including without limitation any recordings, affidavits, declarations or transcripts of testimony, that relate to any of Plaintiff's claims and/or allegations in its Complaint in this lawsuit.

*(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

As to ESI, the parties agree that a Rule 34 request may demand that a specific search term, repository, or date range be used for ESI, in which case the parties will confer in good faith regarding the reasonableness of the particular demand under Rules 26 and 34. Otherwise, the parties each bear the responsibility to determine what custodians, repositories, and search terms to utilize for ESI collection, review, and production. "Discovery on discovery" or "meta discovery" will be permitted only upon a showing that a disclosure or production is deficient as to a specific Rule 33 or 34 request. The parties will confer regarding ESI production technical requirements.

*(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

The parties will submit a proposed protective order for the Court's review and entry.

***(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and***

The parties will follow the limitations on discovery set forth in the Federal Rules of Civil Procedure and the local rules of this Court.

Plaintiff's Position:

Plaintiff requests additional interrogatories. Specifically, in addition to the 25 interrogatories provided in Fed. R. Civ. P. 33, Plaintiff requests permission to serve one contention interrogatory directed to each affirmative defense asserted by the other party. Defendants have asserted 61 affirmative defenses.

Defendants' Position:

Defendants object to Plaintiff's request for expansion of the number of interrogatories; and Defendants object to Plaintiff's request that it be allowed an exception so as to have 86 interrogatories in all, while allowing Defendants only 25 interrogatories.

Defendants submit that it is premature for this Court to designate more than the number of interrogatories set forth in the Rules, and if this Court does, then in fairness the number should be mutual so that each party is afforded the same number of interrogatories. Plaintiff has not yet answered Defendants' Counterclaims and thus Defendants cannot know how many affirmative defenses Plaintiff might raise. In any case, Defendants request that answers to contention interrogatories not be required until the close of discovery, for the reasons a federal district court has explained below in not requiring answers to contention interrogatories until the close of discovery:

> "[T]here is considerable support for deferring contention interrogatories until the end of the discovery period." *B. Braun Med.*, 155 F.R.D. at 527(citing *In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985)); accord *McCrink v. Peoples Benefit Life Ins. Co.*, No. CIV. A. 2:04 CV 01068 LDD, 2004 WL 2743420, at *4 (E.D. Pa. Nov. 29, 2004); *Fischer & Porter Co.*, 143 F.R.D. at 95; *Connecticut Indem.*

*Co. v. Markman*, No. 93-799, 1993 WL 452104, at *4 (E.D. Pa. Oct. 28, 1993). This is because "[t]o force [a party] to respond at this stage in the litigation would require [the party] to "articulate theories of [its] case not yet fully developed." *McCrink*, 2004 WL 2743420, at *4. It may inappropriately lock a party into positions before the party has discovered the relevant evidence to support or defeat a particular contention. *Educ. Mgmt.*, 2013 WL 3854458, at *24. Moreover, because parties have an obligation to supplement interrogatories in a timely manner when new information becomes available under Federal Rule of Civil Procedure 26(e), requiring responses to contention interrogatories prior to the conclusion of discovery is likely to require repeated supplementation of responses. "`Efficiency prescribes that the parties should not be obliged to answer contention interrogatories repeatedly.'" *Educ. Mgmt.*, 2013 WL 3854458, at *24 (quoting *Ziemack v. Centel Corp.*, 1995 U.S. Dist. LEXIS 18192 at *5 n. 3 (N.D. Ill. Dec. 6, 1995)). For these reasons, "[t]he party serving contention interrogatories bears the burden of proving how an earlier response [than the close of discovery] assists the goals of discovery" by showing that "early answers `will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.'" *B. Braun Med.*, 155 F.R.D. at 339 (quoting *Fischer & Porter Co.*, 143 F.R.D. at 96)).

*Dalmatia Import Group, Inc. v. Foodmatch, Inc.,* Civil Action No. 2:16-2767, memorandum and discovery order by Marilyn Heffley, Magistrate Judge, at pp.2-3 (E.D. Penn. Sept. 29, 2016).

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None (apart from the protective order described above).

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

The Plaintiff intends to send interrogatories to the Defendants by no later than October 13, 2021.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

The Defendants intend to send interrogatories to the Plaintiff by no later than by 30 days before the close of discovery.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

The Plaintiff anticipates taking oral depositions of Defendant Sandra Ling and Defendant Sandra Ling Designs (pursuant to Fed. R. Civ. P. 30(b)(6)) by no later than 30 days after receiving the Defendants' production of documents, which Plaintiff will request pursuant to Fed. R. Civ. P. 34.

Plaintiff also intends to take the oral depositions of the Defendants' suppliers, to be determined based on Plaintiff's discovery responses, within 30 days of identifying them.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

The Defendants anticipate taking oral depositions of:

Plaintiff (pursuant to Fed. R. Civ. P. 30(b)(6)) by no later than 30 days before the close of discovery;

Each of Plaintiff's investigators who allegedly investigated either Defendant (or both Defendants) or their activities, designs, goods, suppliers, customers, or potential customers, by no later than 75 days after receiving the Plaintiff's production of documents and materials related to those alleged investigations, which Defendants will request pursuant to Fed. R. Civ. P. 34;

Each of the other persons Plaintiff identified in part 1(a) of its initial disclosures by no more than 75 days after receiving the Plaintiff's production of documents and materials related to the subject matters set forth in Plaintiff's initial disclosures with respect to such persons, which Defendants will request pursuant to Fed. R. Civ. P. 34;

Oral depositions of one or more of either of Defendant's suppliers, customers, or business associates contacted by Plaintiff or Plaintiff's investigators concerning either of Defendants, by no more than 30 days before close of discovery.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

> **and when the opposing party will be able to designate responsive experts and provide their reports.**

The party with the burden of proof on an issue will provide the reports required by Rule 26(a)(2)(B) by no later than 30 days following the fact discovery cutoff date. Rebuttal reports shall be served no later than 45 days following receipt of the opposing party's expert report.

> **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Each party will take the deposition of the opposing party's expert(s) by no later than 45 days following receipt of the opposing party's expert report(s).

> **H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Each party will take the deposition of the opposing party's expert(s) by no later than 45 days following receipt of the opposing party's expert report(s).

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff's Position:

The Plaintiff proposes the following discovery schedule, which assumes that the case will be ready for trial by September 12, 2022. Plaintiff proposes fact discovery to close: May 20, 2022. Plaintiff proposes expert discovery to close: September 19, 2022.

Defendants' Position:

Defendants propose the following later discovery schedule because:

--Plaintiff filed this lawsuit February 2, 2021, but Plaintiff did not produce any documents with its initial disclosures seven months later on September 21, 2021;

--Plaintiff stated in its September 21, 2021 initial disclosures that it had categories of "Documents relating to investigations of Defendants unauthorized sales of products bearing the

8

Louis Vuitton Trademarks" and "Documents relating to Defendants' sources for products and materials bearing the Louis Vuitton Trademarks;"

--Plaintiff stated in its initial disclosures with respect to the location of these documents that, "Documents that exist for these categories are principally located at Plaintiff's corporate headquarters in New York;"

Thus, Defendants anticipate they will need at least until September 30, 2022 for fact discovery of Plaintiff; that expert discovery should not close until January 30, 2023, given the holidays in November and December, and that Defendants' case will be ready for trial by May 31, 2023.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.    State the date the planned discovery can reasonably be completed.**

Plaintiff's Position:

The Plaintiff proposes fact discovery to close on May 20, 2022 and expert discovery to close on September 19, 2022.

Defendants' Position:

The Defendant proposes fact discovery to close on September 30, 2022 and expert discovery to close on January 30, 2023, given the holiday season in November and December.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff's Position:

Plaintiff does not believe that a prompt settlement or resolution of this case is likely at this time.

9

Defendants' Position:

Defendants have been and remain willing to discuss settlement and resolution of the case.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff's Position:

The parties have discussed the possibility of retaining a private mediator or seeking to engage the magistrate judge in settlement discussions, but Plaintiff does not believe that mediation would be productive at this time.

Defendants' Position:

Defendants are willing to mediate this case as soon as this Court thinks just. Defendants are an individual and her solely owned company. Plaintiff describes itself as a "world-famous luxury goods company." Defendants have one lawyer representing them both, and Plaintiff has at least four lawyers and two substantial law firms representing it, in addition to Plaintiff's in-house counsel. Justice is not served by Defendants' simply being outnumbered.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Plaintiff's Position:

Plaintiff believes that some fact discovery will be necessary before mediation or other settlement discussions would be productive.

Defendants' Position:

Defendants are not convinced by Plaintiff's claimed belief, nor are they aware of what fact discovery Plaintiff needs since Plaintiff claims it investigated Defendants before bringing this lawsuit.

**16.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before the magistrate judge.

**17.     State whether a jury demand has been made and if it was made on time.**

The parties agree that the Plaintiff's jury demand is timely and proper, and that the Defendants' jury demand for its counterclaims was timely and proper. Defendants also state that their jury demand applied as well to Plaintiff's claims. In other words, Defendants demanded a jury trial of all fact issues in the entire case, and noted their jury demand in their first pleading.

**18.     Specify the number of hours it will take to present the evidence in this case.**

The parties believe that 40 hours of trial time will be necessary to present their claims and counterclaims, in total.

**19.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20.     List other motions pending.**

None.

**21.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**
The parties request the Court's assistance in resolving the case schedule disagreement set forth in Paragraphs 9, 10, 12, 13, 14, and 15.

**22.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

## COUNSEL FOR PLAINTIFF

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
**Robert E. Shapiro**
(admitted pro hac vice)
Attorney-In-Charge
Illinois State Bar No. IL 3125180
**Thomas M. Williams**
(admitted pro hac vice)
Of Counsel
Illinois State Bar No. IL 6238371
200 West Madison St., Suite 3900
Chicago, IL 60606
Phone: (312) 984-3100
Fax: (312) 984-3150
rob.shapiro@bfkn.com
tom.williams@bfkn.com

BAKER WILLIAMS MATTHIESEN LLP
**John C. Rawls**
Of Counsel
TX State Bar No. 24060930
S.D. Texas Bar No. 413953
**Sarah Silbert** (admitted pro hac vice)
Of Counsel
California Bar No. 198594
5005 Woodway Dr., Suite 201
Houston, TX 77056
Phone: (713) 888-3535
Fax: (713) 888-3550
rocky@bwmtx.com
sarah@bwmtx.com

## COUNSEL FOR DEFENDANTS

**Karen B. Tripp**
Attorney at Law
Texas State Bar No.: 03420850
Southern Dist. of Texas No. 2345
4265 San Felipe, Suite 1100
Houston, Texas 77027
(713) 658-9323 office phone
(832) 798-7576 cell phone
(713) 968-9888 fax phone
tripp.karen@gmail.com

Respectfully submitted:

DATED: September 22, 2021

**BARACK FERRAZZANO KIRSCHBAUM & NAGLEBERG LLP**

By:  /s/Robert E. Shapiro
    Robert E. Shapiro
    Attorney-In-Charge
    Illinois State Bar No. IL 3125180
    (admitted pro hac vice)
    200 West Madison St., Suite 3900

Chicago, IL 60606
Phone: (312) 984-3100
Fax: (312) 984-3150
rob.shapiro@bfkn.com

One of the Attorneys for Plaintiff LOUIS VUITTON MALLETIER, S.A.S.

DATED:  September 22, 2021

**TRIPP LAW**

By:  /s/ Karen B. Tripp
Karen B. Tripp
Attorney-In-Charge
Texas State Bar No.: 03420850
Southern Dist. of Texas No. 2345
4265 San Felipe, Suite 1100
Houston, Texas 77027
(713) 658-9323 office phone
(832) 798-7576 cell phone
(713) 968-9888 fax phone
tripp.karen@gmail.com

Attorneys for Defendants SANDRA LING DESIGNS, INC. and SANDRA LING